**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JESS LILES; JAY FUNDERBURK;
KEVIN BENNETT; GERRY
WALTON; KERRY WILLIAMS;
ROY SAVALA; GREGG ALLMAN;
MIKE HINOJOS; GENE BOLTON;
TODD LORD; DEBBIE SEIFTS;
SAUL RASCON,

        Plaintiffs-Appellants,

v.

WASHINGTON TRU SOLUTIONS,
LLC; WESTINGHOUSE
GOVERNMENT ENVIRONMENTAL
SERVICES COMPANY, LLC;
UNITED STEEL, PAPER AND
FORESTRY, RUBBER,
MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND
SERVICE WORKERS
INTERNATIONAL UNION,
AFL-CIO, Its Local 12-9477; PAPER,
ALLIED INDUSTRIAL CHEMICAL
& ENERGY WORKERS
INTERNATIONAL UNION,
AFL-CIO, Its Local 4-9477,

        Defendants-Appellees.

No. 07-2241
(D.C. No. 1:06-cv-00854-JB-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiffs, employees of defendant Washington Tru Solutions, LLC (WTS), appeal the district court's order granting summary judgment to defendants. Aplt. App. at 227-54. Plaintiffs filed their complaint in state court alleging that their employer violated two consecutive collective bargaining agreements (CBAs) to provide them transportation to their job site, and that their labor union violated its duty of fair representation by refusing to pursue their claims for transportation. Defendants removed the case to federal district court because plaintiffs' complaint, which stated claims against both their employer and union, was a hybrid action under § 301 of the Labor Management Relations Act, under 29 U.S.C. § 185(a). *See Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1237 (10th Cir. 1998) (explaining suit against employer and union commonly referred to as hybrid suit).

## A. *Appellate Jurisdiction*

Before considering the merits of this appeal, we must determine whether plaintiffs' notice of appeal was timely, thus conferring appellate jurisdiction on

*(...continued)
therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

this court. The notice of appeal was due within 30 days after the district court's judgment was entered. Fed. R. App. P. 4(a)(1)(A). The judgment was entered on August 31, 2007, making the deadline for the notice of appeal Monday, October 1, 2007. *See* Fed. R. App. P. 26(a)(3) (extending to next court business day a deadline falling on weekend or holiday). Although the district court initially docketed the notice of appeal as of October 4, 2007, the record reflects that it was filed electronically on September 25, 2007, before the filing deadline. "The electronic record is the official record of the [District] Court. . . . [A]n electronic document is considered filed on the date of the electronic transfer." CM/ECF Administrative Procedures Manual for the United States District Court for the District of New Mexico, sections 2(a) & 9(c). *See* http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html. Accordingly, the notice of appeal was filed timely and this court has jurisdiction under 28 U.S.C. § 1291.

### B. Background

An exhaustive background of this case can be found in the district court's memorandum opinion and order granting summary judgment to defendants. We set forth here only those background facts necessary to resolve the instant appeal.

Plaintiffs are employed at the United States Department of Energy's Waste Isolation Pilot Plant ("WIPP"), which is located about 45 miles from plaintiffs' homes in or near Hobbs, New Mexico. The defendants are the current and predecessor operators of the plant and the current and predecessor labor unions

-3-

authorized to represent the plaintiffs. *See* Aplt. App. at 228-30 (explaining in detail the identities and relationships of the parties). The plant operator employed plaintiffs.

Plaintiffs alleged that their employer was required by CBAs entered into between the employer and the union in 1999 and 2005 to provide them transportation from Hobbs to the plant. Plaintiffs asserted that WIPP employees in Eddy County, New Mexico, were provided transportation to work, while they were not. Plaintiffs also alleged that their union breached its duty of fair representation by refusing to file a grievance with the employer on their transportation demand.

Defendants contended that the CBAs did not require transportation from Hobbs. They pointed to the CBA language requiring the employer to maintain the same level of transportation as in the past. They asserted that because transportation from Hobbs was not provided in the past, except for a brief period during which the employer required additional shifts, the CBAs did not require such transportation. Moreover, transportation was funded by the Department of Energy, which denied the request to increase funding to provide transportation from Hobbs.

Of the twelve plaintiffs, the district court dismissed the claims of six, Allman, Rascon, Savala, Seifts, Walton, and Hinojos, because they never

attempted to file a formal grievance through the union.[1]  The district court held that the claims of the remaining six plaintiffs, Bolton, Bennett, Funderburk, Lord, Liles, and Williams, were barred on statute-of-limitations grounds.  Because it determined that all claims were barred on procedural grounds, the district court did not address the merits of plaintiffs' claims.

On appeal, plaintiffs assert that it would have been futile for them to attempt to comply with the grievance procedures, so their failure to exhaust should be excused.  They further maintain that their claims are not time-barred because union representatives told them on several occasions that the union would try to get them transportation from Hobbs, even though the representatives made clear that the union would not file any formal action with the employer.  Plaintiffs also argue that "the union's unilateral refusal to address the issue on behalf of the plaintiffs[] is of a continuing and ongoing nature preventing the conclusion that the limitations period has expired."  Aplt. Br. at 16.

### C.  Standards of Review

We review a grant of summary judgment de novo.  *Garvin v. AT&T*, 174 F.3d 1087, 1092 (10th Cir. 1999).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

---

[1]     Plaintiff Hinojos willfully failed to appear for his deposition, so the district court ruled that any evidence he may have had could not be admitted.

-5-

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party, the nonmoving party must present more than a scintilla of evidence in favor of his position. *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 649 (10th Cir. 2006). "We review the district court's determination of the controlling applicable statute of limitations *de novo*." *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995). "Where, as here, the dates on which the pertinent acts occurred are not in dispute, the date a statute of limitations accrues is a question of law reviewed *de novo*." *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 (10th Cir. 1996) (alteration and quotation omitted).

## D. Analysis

"It has long been established that an individual employee may bring suit against his employer for breach of a collective-bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). In addition, if the union representing the employee has breached its duty of fair representation, the "employee may bring suit against both the employer and the union." *Id.* at 164. Employee-plaintiffs must show both that the claimed benefit was required by the collective-bargaining contract and that the union breached its duty before they can prevail against either the employer or the union. *See Edwards*, 46 F.3d at 1051.

### *(i) Failure to Exhaust Grievance Remedies*

Ordinarily, employees are required "to attempt to exhaust any grievance or arbitration remedies provided in the collective-bargaining agreement." *DelCostello*, 462 U.S. at 163; *accord Garvin*, 174 F.3d at 1093. "Exhaustion is excused when: (1) it would be futile; (2) the employer through its conduct has repudiated the grievance procedure itself; or (3) the union has prevented the employee from utilizing the grievance process by breaching its duty of fair representation." *Garvin*, 174 F.3d at 1093.

The district court held that six plaintiffs were foreclosed from suit because they did not exhaust available grievance remedies. Plaintiffs invoke the futility exception to the exhaustion requirement, asserting that the union's refusal to process their transportation grievances excused them from filing grievances. But these six plaintiffs have produced no evidence that they attempted to file a grievance. They apparently claim that their coworkers told them not to bother trying to file grievances because the union would not process them. This claim "do[es] not approach the clear and positive showing of futility which we have stated needs to be made." *Fizer v. Safeway Stores, Inc.*, 586 F.2d 182, 183 (10th Cir. 1978) (quotation omitted). "[V]ague subjective conclusions" that any attempt to file a grievance would have been refused, "stated only in [their] deposition[s], are insufficient to show that [plaintiffs'] charges would not have received a fair hearing within the Union. The fact remains that [they] never

-7-

actually filed [grievances] in accordance with the [CBAs] and therefore never gave the system a chance to work." *Id.* at 183-84. Accordingly, we conclude that these plaintiffs are not entitled to invoke the futility exception to the exhaustion requirement, and we affirm the district court's grant of summary judgment to defendants against plaintiffs Allman, Rascon, Savala, Seifts, Walton, and Hinojos.

### *(ii) Statute of Limitations*

If an employee has exhausted the grievance procedures, he may file suit in federal court if he does so within six months after his claim has accrued. *See DelCostello*, 462 U.S. at 154-55 & n.2 (holding six-month statute of limitations applies to suit against employer and union); *accord Arnold*, 100 F.3d at 859. The general rule is that "the limitation period begins to run when an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations." *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420-21 (10th Cir. 1990) (per curiam).

The district court held that the claims of plaintiffs Bolton, Bennett, Funderburk, Lord, Liles, and Williams were barred by the six-month statute of limitations. Plaintiffs do not challenge on appeal the district court's determination that they knew long before they filed suit that the union would not file or pursue a grievance for them on the transportation issue. Rather, plaintiffs argue that the limitations period was tolled because union representatives repeatedly told them that they would continue to try to get transportation for

them.  In addition, plaintiffs now argue that the union's breach is of an ongoing and continuing nature so the limitations period has not expired.

Generally, when a union represents an employee throughout the applicable grievance process, any claim against the union does not arise until after the grievance process has concluded.  *Id.* at 421.  "[I]n duty-of-fair-representation cases in which the alleged breach of duty arises outside the context of processing a grievance, courts have held that accrual of such a claim can be tolled by an employee's good faith attempt to exhaust the grievance procedures."  *Id.* at 421-22; *cf. Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 331 (1969) (holding petitioners sufficiently alleged futility by asserting they made "repeated complaints to company and union officials" to file grievance).  "As with any party claiming the benefit of equitable tolling of a limitations period, [plaintiffs] bore the burden of proving justifiable circumstances."  *Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004); *see also Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

Plaintiffs concede that any attempts they made to exhaust the grievance process ended long before February 8, 2006 (six months before suit was filed on August 8, 2006).  They also admit they knew the union would not file a grievance

-9-

on the transportation issue long before February 8, 2006. Furthermore, they have not demonstrated that the union representatives deceived them about what they intended to do regarding the transportation issue. *See Edwards*, 46 F.3d at 1055 (holding facts established by plaintiff did not toll limitations period because they did not show "active deception" by union). We therefore conclude that plaintiffs are not entitled to tolling of the statute of limitations.

Plaintiffs' other argument–that the union's alleged breach is of an ongoing and continuing nature–is deemed waived. They apparently did not present this claim to the district court[2] and they have provided to this court no reasoned argument or legal authority to support it. Therefore, we do not consider it. *See Fischer v. Forestwood Co.*, 525 F.3d 972, 978 n.2 (10th Cir. 2008) (declining to consider claim not presented to the district court or raised on appeal); *Gaines-Tabb*, 160 F.3d at 624 ("[A]rguments not set forth fully in the opening brief are waived."). Finally, we do not address plaintiffs' arguments pertaining to whether defendants breached the CBAs because we affirm the summary judgment on failure-to-exhaust and statute-of-limitations grounds.

---

[2]    Plaintiffs' appellate brief does not "cite the precise reference in the record where the issue was raised and ruled on," as required by 10th Cir. R. 28.2(C)(2). Although plaintiffs' counsel made a brief reference to this claim at the district-court hearing held July 5, 2007, Aplt. App. at 171, that was insufficient to preserve the issue for appeal. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling.").

### *E. Conclusion*

Defendants' motion for sanctions is DENIED.  The judgment of the district court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge